**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---X
RENEE PISTONE, on behalf of herself and all others similarly situated,

        Plaintiff,

vs.

RUSHMORE SERVICE CENTER, LLC,

        Defendant.
---X

Civil Action No.

**CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff RENEE PISTONE, on behalf of herself and all others similarly situated, (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant RUSHMORE SERVICE CENTER, LLC ("Defendant"), the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from

engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of the State of New Jersey, County of Ocean and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief defendant RUSHMORE SERVICE CENTER, LLC is a limited liability company with a street address of 3820 N. Louise

Ave, Sioux Falls, SD 57107.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

• All New Jersey consumers who were sent letters and/or notices from Defendant in a form substantially similar to attached Exhibit A and/or B and which included the alleged conduct and practices described herein.

• The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or

notice that is sent to hundreds of persons (See **Exhibits A and B)**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692f and/or 1692g, and subsections therein;

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    g. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

5

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Prior to January 13, 2020, Plaintiff allegedly incurred two financial obligations to First Premier Bank ("First Premier") related to two separate consumer credit card accounts ("the Debts").

15. The Debts each arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. Each alleged First Premier Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. First Premier is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. At some time prior to January 13, 2020, the First Premier Debt obligations became past due: one with a balance of $543.93 ("Debt 1") and the other with a balance of $621.78 ("Debt 2").

19. At some point prior to January 13, 2020, the Debts were referred for collection by First Premier to Defendant.

20. At the time the First Premier Debts were placed with Defendant, the balances were past due.

21. On or about January 13, 2020, Defendant sent Plaintiff a collection letter with respect to Debt 1 in an Amount of $543.93 ("Collection Letter 1"). See, attached Exhibit A.

22. On or about January 13, 2020, Defendant sent Plaintiff a collection letter

with respect to Debt 2 in an Amount of $621.78 ("Collection Letter 2"). See, attached Exhibit B.

23. The January 13, 2020 collection letters were each Defendant's initial written communication to Plaintiff with respect to the respective debts.

24. The January 13, 2020 collection letters were each sent in connection with the collection of the First Premier obligations.

25. The January 13, 2020 collection letters were each a "communication" as defined by 15 U.S.C. §1692a(2).

26. Each collection letter was the first written communication by Defendant to Plaintiff with respect to each respective debt.

27. Each collection letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

28. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

29. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

30. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day

period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

31. In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

32. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

33. In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

34. A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

35. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

36. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

37. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of

the original creditor.

38. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

39. The front side of each collection letter included the following statement ("The Statement"):

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you contact this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

40. The Statement presumably attempted to comply with the requirements of section 1692g(a)(3)-(5).

41. The Statement does not direct the consumer to dispute the Debt with a particular address for an in writing dispute.

42. Each collection letter includes three separate addresses for Defendant.

43. The least sophisticated consumer may be dissuaded from disputing the debt at all, since he or she may not know to which office the debt should be sent..

44. The upper left court provides a first address for Defendant ("the First Address") of:

>> PO Box 5508
>> Sioux Falls SD 57117-5508

45. The bottom of the front page of the collection letters is a second address for Defendant (the "Second Address"):

>> PO Box 5507
>> Sioux Falls, SD 57117-5507

46. The top page of the back of the letter provides a third address for Defendant ("the Third Address"):

> 3820 N Louise Ave
> Sioux Falls, SD 57107

47. The problem with each Collection Letter is that each one contains three separate addresses for Defendant.

48. The least sophisticated would not know which of the three addresses to use to dispute the Debts.

49. The least sophisticated consumer may believe that he or she would have to send three separate letters to dispute each debt.

50. Alternatively, the least sophisticated consumer may decide not to dispute the debt since he or she would not know which of the three addresses to use to dispute the debt.

51. The use of multiple addresses by Defendant overshadowed the disclosure of the consumer's right to dispute the debt and obtain verification of the debt.

52. As a result of the inclusion of multiple addresses, Plaintiff sustained a concrete, actual injury.

53. Additionally, the back of the collection letters contained a list of states and next to each state name provided additional information.

54. The least sophisticated consumer may believe that the information provided next to the name of each state may provide additional protection to the consumer, even though such additional information and/or protection may not apply in the state of New Jersey.

55. In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

56. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

57. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

58. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

59. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

60. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

61. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

62. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

63. It is Defendant's pattern and practice to send collection letters in the form

described above, and which violate the FDCPA.

64. On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

65. Plaintiff repeats the allegations contained in paragraphs 1 through 64 as if the same were set forth at length.

66. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

67. Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

A. 15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

B. 15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

C. 15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice;

D. 15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
        January 13, 2021

                                            Respectfully submitted,


                                            By: s/ Lawrence C. Hersh
                                                Lawrence C. Hersh, Esq.
                                                17 Sylvan Street, Suite 102B
                                                Rutherford, NJ  07070
                                                (201) 507-6300
                                                *Attorney for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 13, 2021                     By: s/ Lawrence C. Hersh
                                                Lawrence C. Hersh, Esq.

EXHIBIT A



**Rushmore Service Center**
PO BOX 5508
SIOUX FALLS SD 57117-5508

January 13, 2020

RENEE A PISTONE

Current Creditor: First PREMIER Bank
Original Creditor: First PREMIER Bank
Account: ▇▇▇943
Claim #: ▇▇▇▇▇305
Amount: $543.93

Renee A Pistone:

Our office has been retained by the above referenced creditor to collect on an overdue account.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you contact this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an opportunity for you to resolve this debt. Please contact our office at 1-866-950-7300 between the hours of 7:00 a.m. - 9:00 p.m. CST Monday through Thursday, 8:00 a.m. through 5:00 p.m. CST Friday, and 8:00 a.m. through 12:00 p.m. CST Saturday to resolve this matter.

Sincerely,

Joe Roberts
Collection Manager

101

This communication is from a debt collector. This letter is an attempt to collect a consumer debt and any information obtained will be used for that purpose.

**NOTICE: PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION**

Payments may be made on-line at: http://www.rushmoreservicecenter.com/make-a-payment/

Please detach this portion and return with your payment to insure proper credit. Retain upper portion for your records.

| Account Number | Balance Due | Amount Enclosed |
|---|---|---|
| ▇▇▇943 | $543.93 | $ |

PLEASE PROVIDE ADDRESS CHANGES ON BACK.

RENEE A PISTONE

RUSHMORE SERVICE CENTER
PO BOX 5507
SIOUX FALLS, SD 57117-5507

32559

Pay online: https://www.rushmoreservicecenter.com/make-a-payment/
Make all checks payable to: Rushmore Service Center, LLC
Send all payments to: Rushmore Service Center, LLC, P.O. Box 5507 Sioux Falls, SD 57117
Physical Address: Rushmore Service Center, 3820 N Louise Ave Sioux Falls, SD 57107

We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers may have under state and federal laws:

**California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non-profit credit counseling services may be available in your area.

**Colorado:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT SEE – WWW.COAG.GOV/CAR
You may also make payments in person to our in-state office as indicated below:
Colorado Manager, Inc.
Building B
80 Garden Center, Suite 3
Broomfield, CO 80020
Phone: 303-920-4763

Colorado customers wishing to dispute this debt, or any portion of this debt, must do so in writing within thirty days of receiving this communication.

A Consumer has the right to request in writing that a debt collector or collection agency cease further communication with Consumer. A written request to cease and desist communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**Maine:** Telephone number at the licensed location is (866) 950-7300. Hours of operation are 8:00 a.m.-5:00 p.m. Central Time Monday through Friday.

**Massachusetts: Notice of important rights:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**Minnesota:** If you feel that your concerns have not been addressed, please contact Rushmore Service Center first at 866-950-7300 and allow us an opportunity to try to address your concerns. If you continue to have concerns that have not been addressed, you may contact the Minnesota Attorney General's office at 651-296-3353 or 1-800-657-3787.

**Nevada:** Please be advised that if you pay or agree to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as: (1) an acknowledgement of the debt; and (2) a waiver of any applicable statute of limitations as set forth in NRS 11.190 that otherwise precludes the collection of the debt. If you do not understand or have questions concerning your legal rights or obligations relating to this debt, you should seek legal advice.

**New York City:** New York City Department of Consumer Affairs License Number: **1372733**

**North Carolina:** Collection Agency Permit No. **103965**

**Tennessee:** This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance. License No. **00001157**

Please provide address changes below:

_____

_____

_____

EXHIBIT B



**Rushmore Service Center**
PO BOX 5508
SIOUX FALLS SD 57117-5508

January 13, 2020

RENEE A PISTONE

Current Creditor: First PREMIER Bank
Original Creditor: First PREMIER Bank
Account: ___080
Claim #: ___081
Amount: $621.78

Renee A Pistone:

Our office has been retained by the above referenced creditor to collect on an overdue account.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you contact this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an opportunity for you to resolve this debt. Please contact our office at 1-866-950-7300 between the hours of 7:00 a.m. - 9:00 p.m. CST Monday through Thursday, 8:00 a.m. through 5:00 p.m. CST Friday, and 8:00 a.m. through 12:00 p.m. CST Saturday to resolve this matter.

Sincerely,

Joe Roberts
Collection Manager

101

This communication is from a debt collector. This letter is an attempt to collect a consumer debt and any information obtained will be used for that purpose.

**NOTICE: PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION**

Payments may be made on-line at: http://www.rushmoreservicecenter.com/make-a-payment/

Please detach this portion and return with your payment to insure proper credit. Retain upper portion for your records.

| Account Number | Balance Due | Amount Enclosed |
|---|---|---|
| ___080 | $621.78 | $ |

PLEASE PROVIDE ADDRESS CHANGES ON BACK.

RENEE A PISTONE

RUSHMORE SERVICE CENTER
PO BOX 5507
SIOUX FALLS, SD 57117-5507

39711

Pay online at: www.rushmoreservicecenter.com/make-a-payment/
Make all checks payable to: Rushmore Service Center, LLC
Send all payments to: Rushmore Service Center, LLC, P.O. Box 5507 Sioux Falls, SD 57117
Physical Address: Rushmore Service Center, 3820 N Louise Ave Sioux Falls, SD 57107

We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers may have under state and federal laws:

**California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non-profit credit counseling services may be available in your area.

**Colorado:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT SEE – WWW.COAG.GOV/CAR
You may also make payments in person to our in-state office as indicated below:
Colorado Manager, Inc.
Building B
80 Garden Center, Suite 3
Broomfield, CO 80020
Phone: 303-920-4763

Colorado customers wishing to dispute this debt, or any portion of this debt, must do so in writing within thirty days of receiving this communication.

A Consumer has the right to request in writing that a debt collector or collection agency cease further communication with Consumer. A written request to cease and desist communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**Maine:** Telephone number at the licensed location is (866) 950-7300. Hours of operation are 8:00 a.m.-5:00 p.m. Central Time Monday through Friday.

**Massachusetts: Notice of important rights:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**Minnesota:** If you feel that your concerns have not been addressed, please contact Rushmore Service Center first at 866-950-7300 and allow us an opportunity to try to address your concerns. If you continue to have concerns that have not been addressed, you may contact the Minnesota Attorney General's office at 651-296-3353 or 1-800-657-3787.

**Nevada:** Please be advised that if you pay or agree to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as: (1) an acknowledgement of the debt; and (2) a waiver of any applicable statute of limitations as set forth in NRS 11.190 that otherwise precludes the collection of the debt. If you do not understand or have questions concerning your legal rights or obligations relating to this debt, you should seek legal advice.

**New York City:** New York City Department of Consumer Affairs License Number: **1372733**

**North Carolina:** Collection Agency Permit No. **103965**

**Tennessee:** This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance. License No. **00001157**

Please provide address changes below:

_____

_____

_____