<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RENEE PISTONE**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**RUSHMORE SERVICE CENTER, LLC,**<br><br>Defendant. | Civil Action No. 21-698 (ZNQ) (LHG)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

  **THIS MATTER** comes before this Court on a Motion to Compel Arbitration and Stay the

Proceeding Pending Arbitration ("the Motion," ECF No. 11) filed by Defendant Rushmore Service

Center, LLC, ("Defendant"). Defendant filed a brief in support of its motion, ("Moving Br.", ECF

No. 11-1), along with a declaration of a First Premier Bank employee ("Gilson Decl.", ECF No.

11-2). Plaintiff Pistone ("Plaintiff") opposed the Motion ("Opp'n Br.", ECF No. 15), and

Defendant replied (ECF No. 16). Having reviewed the parties' submissions filed in connection

with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil

Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause

shown, Defendant's Motion to Compel Arbitration will be DENIED WITHOUT PREJUDICE,

and the parties will be ordered to conduct limited discovery on the issue of arbitrability.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a Complaint ("Compl.", ECF No. 1) against Defendant Rushmore, claiming Defendant violated the Fair Debt Collections Practices Act ("FDCPA"). Plaintiff, a consumer, allegedly incurred debts from First Premier Bank, and the debts were eventually referred for collection by First Premier to Defendant. (Compl. ¶ 19.)

In two letters to Plaintiff, both dated January 13, 2020, Defendant advised that it had been retained by PREMIER Bankcard, LLC to collect on Plaintiff's overdue accounts ("the Letters"). (*Id*. at Ex. A.) The Letters further stated: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." (*Id*.)

On January 13, 2021, Plaintiff filed a putative class action alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (*See generally* Compl.) The Complaint alleges that each collection letter includes three separate addresses for Defendant. (*Id*. ¶ 47.) Plaintiff asserts that the use of multiple addresses by Defendant overshadowed the disclosure to the consumer of the consumer's rights to dispute the debt and obtain verification of the debt. (*Id*. ¶ 51.) As such, Plaintiff alleges that the collection letters violated the FDCPA. (*Id*. ¶ 63.)

On September 24, 2021, Defendant filed the instant Motion to Compel Arbitration and Stay Proceedings, attaching First Premier Bank's Credit Card Contract and Account Opening Disclosures on both accounts (the "Card Agreements"), which includes an arbitration provision and class-action waiver. (Gibson Decl. at Exs. C, D.) Plaintiff opposed the motion, arguing that Defendant failed to prove, at this junction, that there is a valid arbitration agreement. (Opp'n Br. at 6.)

## II.        LEGAL STANDARD

"The FAA federalizes arbitration law and 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate . . . .'" *John Hancock Mut. Life Ins. Co. v. Olick,* 151 F.3d 132, 136 (3d Cir. 1998) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)).  Courts are authorized to compel arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue."  9 U.S.C. § 4.  Additionally, under § 3 of the FAA, parties may "apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'"  *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 3).

When deciding a motion to compel arbitration, a court must ascertain whether "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement."  *Aetrex Worldwide, Inc. v. Sourcing for You Ltd*., 555 F. App'x 153, 154 (3d Cir. 2014) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)).  To conduct this inquiry, the court shall apply "ordinary state-law principles that govern the formation of contracts."  *Kirleis*, 560 F.3d at 160 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

## III.        DISCUSSION

In determining whether a valid arbitration agreement exists, a court must first decide whether to use the Rule 12(b)(6) or Rule 56 standard of review.  *See Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015).  The Rule 12(b)(6) standard applies when arbitrability is "apparent, based on the face of a complaint, and documents relied upon in the

complaint[.]" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013)

(internal quotation marks omitted).  However,

> [w]here the complaint does not establish with clarity that the parties have agreed to arbitrate, or when the party opposing arbitration has come forward with reliable evidence that it did not intend to be bound by an arbitration agreement, a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record.

*Noonan v. Comcast Corp*, Civ. No. 16-458, 2017 WL 4799795, at *4 (D.N.J. Oct. 24, 2017)

(citations omitted).  In such circumstances, "the non-movant must be given a limited opportunity

to conduct discovery on the narrow issue of whether an arbitration agreement exists."  *Ross v.

CACH, LLC*, Civ. No. 14-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015).  Afterwards, "the

court may entertain a renewed motion to compel arbitration, this time judging the motion under a

[Rule 56,] summary judgment standard." *Guidotti*, 716 F.3d at 776.

Here, as Defendant points out in its opposition, the existence of the Card Agreement and

its arbitration provision and class-action waiver is not referenced in the Complaint but is raised for

the first time in Defendant's motion.  (Opp. Br. at 7–10; *see generally* Moving Br.)  Given that the

question of arbitrability cannot be resolved without considering evidence extraneous to the

pleadings, it would be inappropriate to apply a Rule 12(b)(6) standard in deciding the instant

motion.  *See id*. at 774.  As the Third Circuit instructed in *Guidotti*, in this type of scenario, "the

motion to compel arbitration *must* be denied pending further development of the factual record."

*Id.* (emphasis added); *see, e.g., Sauberman v. Avis Rent a Car Sys., L.L.C.*, Civ. No. 17-756, 2017

WL 2312359, at *2 (D.N.J. May 26, 2017) (denying a motion to compel arbitration and ordering

limited discovery where the complaint did not establish on its face that the parties agreed to

arbitrate); *Torres v. Rushmore Service Center, LLC,* Civ. No. 18-9236, 2019 WL 5669175, at *2

(D.N.J. Oct. 31, 2018) (same); *Hughes v. Kolaras*, Civ. No. 13-0057, 2013 WL 5797735, at *7

(D.N.J. Oct. 28, 2013) (denying a motion to dismiss without prejudice in part because arbitrability

was not apparent on the face of the complaint).  Thus, this Court will deny Defendant's motion

without prejudice, and order the parties to conduct limited discovery on the issue of arbitrability.

Afterwards, Defendant may file a renewed motion to compel arbitration, which this Court will

review under a Rule 56 standard.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel Arbitration and Stay

Proceedings will be DENIED WITHOUT PREJUDICE, and the parties will be ordered to conduct

limited discovery on the issues of arbitrability over the next 45 days. Defendant will be permitted

to file any renewed motion to compel arbitration by no later than January 14, 2023.  An appropriate

order will follow.


Date: **November 9, 2022**


s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

5